## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement"), is made and entered into by and between Going Green Construction, Inc., Rubi Ortega, and Angel Prieto including their parents, subsidiaries, affiliated corporations, owners, shareholders, agents, directors, officers, and its successors, assigns and attorneys, (hereby referred to as "DEFENDANTS"); and Yaniel Ramos, on behalf of himself, his heirs, executors, administrators, successors, attorneys, and assigns (herein referred to "PLAINTIFF").

WHEREAS, a dispute has arisen between PLAINTIFF and DEFENDANTS concerning allegations contained in the lawsuit named: Yaniel Ramos v. Going Green Construction, Inc., Rubi Ortega and Angel Prieto, filed in the United States District Court for the Southern District of Florida case: 16-cv-23348 alleging unpaid overtime and retaliatory discharge.

WHEREAS, DEFENDANTS deny the validity of PLAINTIFF'S claims and deny that they are subject to any liability;

WHEREAS, the parties wish to resolve and settle their differences without resorting to further litigation; and

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and agreements set forth herein, which covenants and agreements constitute good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals**. The parties acknowledge that the "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2. **Consideration**. In consideration for signing this Agreement and compliance with the promises made herein, DEFENDANTS shall pay to or on behalf of the PLAINTIFF the total amount of Fifteen Thousand 00/100 Dollars ($15,000.00), inclusive of attorney's fees and costs ("Settlement Payment"). The Settlement Payment will be paid to or on behalf of PLAINTIFF in three equal installments of $5000.00, made payable and delivered to Saenz & Anderson, PLLC. Saenz & Anderson shall receive and distribute the Settlment Payments as follows:

    (A) First payment in the amount of five thousand US dollars ($5,000) shall be paid within seven (7) calendar days from the occurrence of the requirements set forth in Paragraph 2(D) below, second payment in the amount of five thousand US dollars ($5,000) shall be payable within 45 calendar days from the date of the first payment, and final payment in the amount of five thousand US dollars ($5,000) shall be payable within 45 calendar days from the date of the second payment.

    (B) These payments are in full and final settlement and resolution of any and all claims which PLAINTIFF had, has or may have against DEFENDANTS arising out of or in any way connected with their employment with DEFENDANTS as of

  the date of the execution of this Agreement.  Each party shall bear his/its own fees and costs, except as provided for herein.

(C) PLAINITFF agrees that he is responsible for paying any taxes on the amounts paid to him or on his behalf under this Agreement. PLAINTIFF acknowledges that DEFENDANTS have not made any representations or warranties regarding the tax treatment of the Settlement Payment.  In the event the Internal Revenue Service ("IRS") or any other taxing authority challenges the Parties' tax treatment of the Settlement Payment Ramos will bear his own risk of the tax consequences of the treatment of such payments and agrees not to make any claim against Defendants or any of the Related Parties (as defined in Paragraph 5(C) below) for compensation, recompense, damages, attorneys' fees, costs, interest, fees, assessments, withholding, penalties, or other damages or losses related to the tax treatment of the Settlement Payment.

(D) The payments referenced in Paragraph 2, will be delivered to PLAINTIFF'S counsel, Saenz & Anderson, PLLC, 20900 NE 30 Avenue, Suite 800, Aventura, Florida 33180, within seven (7) calendar days of DEFENDANTS receipt of all of the following:  the Agreement executed by Ramos, fully completed IRS W-9 form executed by Ramos, and a fully completed IRS W-9 form executed by Saenz & Anderson, PLLC.  The 7-day period shall start from the date of the occurrence of the last event listed above.

 3. <u>Failure to Pay Consideration</u>: If Defendants fail to pay the any of the above monies, upon notice to Defendants at

 <u>Attn</u>:

 Monica Espino, Esq.
 Espino Law
 2250 SW 3rd Ave., 4th Floor
 Miami, Florida 33129
 Email:  me@espino-law.com; legal@espino-law.com

 PLAINTIFF, through counsel, shall notify DEFENDANTS' counsel via electronic mail of the non-payment.  From receipt of that electronic mail, DEFENDANTS shall have seven (7) calendar days to cure a non-payment. If the missing payment is not cured, PLAINITFF shall be entitled to the entry of a Consent Final Judgment for the sum of any outstanding monies from the Settlement Payment, and all attorneys' fees and costs incurred.  PLAINITFF may seek a Consent Final Judgment by way of a Motion and Affidavit without the necessity of a further hearing.

 4. **Indemnification.** Any employee tax obligation arising from the payments made to PLAINTIFF are the sole responsibility of PLAINTIFF. PLAINTIFF acknowledges that he has

not relied on any statements or representations by DEFENDANTS with respect to the tax treatment of such payments.  DEFENDANTS agree that PLAINTIFF is not responsible for payroll tax obligations submitted by Defendant, Going Green Construction, Inc., regarding the payments set forth in paragraph 2 above.  Each party shall bear the risk of any tax consequences of the payments and further agree not to seek or make any claim against the other.

     5.    **Release of Claims by PLAINTIFF.**  In exchange for five hundred dollars ($500.00) of the settlement proceeds to be paid to PLAINTIFF, PLAINTIFF knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, the DEFENDANTS of and from any and all claims, known and unknown, asserted and unasserted or that PLAINTIFF has or may have against the Released Parties as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

> Title VII of the Civil Rights Act of 1964, as amended;
> The Civil Rights Act of 1991;
> The Immigration Reform and Control Act, as amended;
> The Fair Labor Standards Act, as amended;
> The Equal Pay Act, as amended;
> The Age Discrimination in Employment Act; as amended;
> Older Workers Benefit Protection Act
> The Americans with Disabilities Act, as amended;
> The Occupational Safety and Health Act, as amended;
> The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
> The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
> Florida Wage Payment Laws;
> The Florida Workers' Compensation Law – Fla. Stat. §440.01 et. seq.
> Retaliatory discharge, Florida Workers' Compensation Law, Fla. Stat. §440.205
> Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; Tort claims (including without limitation any claim for misrepresentation or fraud, assault, battery, intentional infliction of emotional distress, defamation, invasion of privacy, negligence, or negligent hiring, retention, or supervision); Any claim arising from a contract; Any public policy, contract, tort, or common law claim (whether in law or in equity); and
> Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters. Any and all rights or claims to seek or recover money damages or other relief for himself personally if he files or participates in a charge or complaint with any federal, state, county or other local administrative agency.

(A)   <u>Unknown Claims.</u>  PLAINTIFF understands that he is releasing claims that he may not know about. This is his knowing and voluntary intent.

(B)   <u>Claims Not Released.</u>  PLAINTIFF acknowledges that he is not releasing any claims that relates to: (1) any rights or claims that may arise after this Agreement is signed; (2) any claims that by law cannot be released in this Agreement; and (3) any rights or claims to enforce this Agreement.

(C) <u>Released Parties.</u>  The Released Parties are Going Green Construction, Inc., PCOR Corp., Elite Office Centre, LLC, Doral Corporate Group, LLC, MAVA Investment Corp., Miami Global Resources Corp., and their agents, servants, predecessors, subsidiaries, divisions, insurers, assigns, affiliates and successors; and their current and former employees, attorneys, officers, directors, and agents thereof, both individually and in their business capacities.

6. **Dismissal of Lawsuit.**  In consideration for the Settlement Sum described in this Agreement, PLAINTIFF agrees to the dismissal with prejudice of the lawsuit in its entirety. Pursuant to the Court's February 7, 2017 Order [DE 32], on or before February 21, 2017, the Parties will file a Joint Motion to Dismiss With Prejudice all claims and the lawsuit in its entirety. The Parties agree that the Court will retain jurisdiction to enforce the terms of this Agreement through July 7, 2017. The Parties shall not file or submit this Agreement to the Court.

7. **No Re-Application/No Rehire.**

(A) PLAINTIFF permanently, unequivocally, and unconditionally waives any and all rights PLAINTIFF may now have, may have had in the past, or may have in the future to obtain or resume employment and/or work as an independent contractor with the DEFENDANTS.  Plaintiff agrees not to apply for or accept employment in the future with DEFENDANTS or any of the Released Parties (as defined in paragraph 4(C) above) and not to seek or accept any assignment to DEFENDANTS or to any of the Related Parties as an independent contractor or through any third-party, such as employment, staffing or temporary agency.

(B) PLAINTIFF acknowledges: (i) that he is ineligible for re-hire or re-employment with DEFENDANTS or any of the Related Parties; and (ii) that DEFENDANTS and the Related Parties do not have any obligation, nor or in the future, to hire him as an employee or independent contractor or to consider him for any future employment or assignment, such as through an employment staffing or temporary agency. PLAINTIFF further agrees that such actions shall not constitute retaliation.

(C) **Neutral Reference**. DEFENDANTS will provide a neutral reference for PLAINTIFF, which shall only include the PLAINTIFFS' dates of employment (May 2015 through approximately November 30, 2015), position and rate(s) of pay ($8.50/$9.00), and no additional comments will be made.

8. **Affirmations.**

(A) PLAINTIFF affirms that he has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against DEFENDANTS in any forum or form, other than Case No. 16-cv-23348, pending before the United States District Court in and for the Southern District of Florida, and styled Yaniel Ramos vs. Going Green Construction, Inc., Rubi Ortega and Angel Prieto.

4

(B) PLAINTIFF affirms that he has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to him, except as provided for in this Agreement.

9. **Non-Disparagement**. PLAINTIFF agrees that he will not in the future (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding the DEFENDANTS or (b) make or authorize to be made by any written or oral statement that may disparage the reputation of DEFENDANTS. Similarly, Defendants, Rubi Ortega, and Angel Prieto, of Going Green Construction, Inc., agree that they will not in the future (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding the PLAINTIFF or (b) make or authorize to be made by any written or oral statement that may disparage the reputation of PLAINTIFF.

10. **Confidentiality**. Except to the extent this Agreement is filed with the Court and becomes public record, PLAINTIFF agrees that he will keep the terms of this Agreement and related settlement discussions completely confidential, and that he will not hereafter disclose or attempt to disclose any information concerning this Agreement to anyone, unless otherwise required by law. Nothing in this paragraph precludes PLAINTIFF from divulging the terms of this Agreement to their spouse, tax advisor, financial planner or attorney.

DEFENDANTS agree that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including but not limited to the fact that there has been a settlement, are confidential and that DEFENDANTS shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of PLAINTIFF'S claim from the time the settlement was agreed upon forward, except to their spouse, Board of Directors, tax advisor, financial planner or attorney. In the event, any other person or entity asks DEFENDANTS about the lawsuit or about any of the disputes relating to PLAINTIFF'S employment with DEFENDANTS, DEFENDANTS and their legal representatives shall respond only that the matter was amicably resolved and shall provide no further information.

No action by DEFENDANTS or their parents, subsidiaries, affiliated corporations or representatives shall be taken as a waiver of DEFENDANTS= right to insist that PLAINTIFF, and those individuals to whom they make disclosure of the existence or terms of this AGREEMENT, abide by this confidentiality provision.

11. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event that any party breaches any provision of this Agreement, the parties affirm that they may institute an action to specifically enforce any term or terms of this Agreement. The prevailing party shall be entitled to recover attorneys' fees and costs from the non-prevailing party in any enforcement action.

Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  The parties agree that the U.S. District Court shall retain jurisdiction to enforce the terms of this Agreement.

12.  **Non-admission of Wrongdoing**.  The parties agree that neither this Agreement nor the furnishing of the consideration for this Release shall be deemed or construed at anytime for any purpose as an admission by DEFENDANTS of any liability or unlawful conduct of any kind.  The Agreement shall not be used as evidence, except in a suit for enforcement of this Agreement.

13.  **Amendment**.  This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

14.  **Successors and Assigns.** This Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns.  PLAINTIFF expressly warrants that he has not transferred to any person or entity any rights or causes of action, or claims released by this Agreement.

15.  **Selective Enforcement**.  The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

16.  **Copy of Agreement Valid**.  The parties agree that executed copies of this Agreement shall be valid and binding, in the event the original executed counterparts to the Agreement are missing. This Agreement may be executed in counterparts, and the facsimile/copy of any signature or of this Agreement shall have the same force and effect as an original.

17.  **Entire Agreement**.  This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. PLAINTIFF acknowledges that he has not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

18.  **Counterparts**.  This Agreement may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

PLAINTIFF HEREBY ADVISED THAT HE HAS BEEN GIVEN A REASONABLE PERIOD OF TIME TO REVIEW THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE AND THAT HE SHOULD AND HAS CONSULTED WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE HAD AGAINST DEFENDANTS.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and General Release as of the date(s) set forth below:

_____  _____
YANIEL RAMOS                 GOING GREEN CONSTRUCTION, INC.

                             By:_____
DATED: 02/20/2017            DATED: _____


                             _____
                             RUBI ORTEGA

                             DATED: _____


                             _____
                             ANGEL PRIETO

                             DATED: _____

7